## STATE *v.* WILLIAM HUNTER.

The District Attorney is not bound, under the 15th section of the Act of 1855 " relative to criminal proceedings," to enter a *nolle prosequi* in a case of assault and battery which has been compromised, the section not being imperative, but merely permissive.

APPEAL from the District Court of the Parish of Lafourche, *Roman*, J. *E. Marvin*, District Attorney, for the State. *Thibodeaux & Blake*, for defendant and appellant.

MERRICK, C. J. " At the May term, 1858, of the District Court of Lafourche, *William Hunter* was indicted for assault and battery in and upon the person of one *André Mecquet*. A true bill having been found by the Grand Jury, and defendant having been called for arraignment, declined pleading to the indictment for the reason that said assault and battery had been compromised, and produced as evidence of this fact a written compromise entered into between *Mecquet* and defendant, accompanied with the necessary vouchers establishing the payment of all costs.

" Defendant having, nevertheless, been ruled to plead to the indictment, entered his plea of ' not guilty ; ' was, thereupon, put upon his trial, found guilty by the petty jury, and sentenced by the court ; defendant having reserved the point as regards the power of the District Attorney to indict and the court to try him for said offence, in view of said compromise.

" The decision of this case turns upon the construction to be given to the 15th section of an Act ' relative to criminal proceedings,' at p. 152 of the Acts of 1855, which reads as follows :

" That in all cases of assault and battery and misdemeanors, when the parties compromise, and the prosecution is withdrawn, no charges shall be brought against the parish, the parties compromising shall pay all costs in such cases ; it shall be lawful for the Attorney General or District Attorney to enter a *nolle prosequi*."

The case, therefore, presents the question, whether this section of the statute is imperative upon the District Attorney, requiring him to enter a *nolle prosequi*

STATE
v.
HUNTER.

where the parties have compromised an assault and battery or other misdemeanor and paid the costs, or whether the Act is only permissive and the District Attorney allowed, but not commanded, to enter a *nolle prosequi*.

We concur with the defendant's counsel, that in construing this section it is proper to consider the reason and spirit of it, and the cause which induced the Legislature to enact it. But in doing so it appears to us, that we cannot overlook the object of the criminal law. It is not enacted for the purpose of compelling the violator of the laws to render justice to those he has injured, for civil actions are sufficient for this purpose. It is enacted for the purpose of redressing the injury done to the State by the disturbance of the public peace and the disquiet which is inspired among good citizens by wrongful acts, and to deter others from like offences by the public example which is made of the offender, as well as sometimes to place it out of his power, for a time at least, to renew his attacks against the public peace.

Now, if it were in the power of the offender to compromise with those he had injured, against the wishes of those intrusted with the execution of the criminal law, these very purposes would be defeated. For just in proportion as the offence should be aggravated in that proportion would be the exertions used to bring about a compromise, and deprive the injured laws of their sanction.

Thus, the offender who is bound for the civil injury as well as the penalty denounced for his misdemeanor, would be enabled to escape punishment by making reparation for the civil injury alone.

Again, all those misdemeanors and assaults committed by the bold and unscrupulous upon the good-natured, the weak or timid would be wholly unpunished, as such offenders would find no difficulty in procuring, by intimidation or cajolery, evidence of a compromise. It would, therefore, seem that the power to compromise misdemeanors ought not to be left exclusively to the injured party. Thus, if we look at the section with reference to objects of the criminal law, we shall find no difficulty in concluding that the State never intended to part with its control over prosecutions for assaults and battery and misdemeanors. But it sometimes happens, that offences are committed under such circumstances as imply no real intention of violating the law, and assaults are sometimes made under a misapprehension of facts and a momentary ebulition of anger, and without much harm to the party injured. In such cases, where the injured party voluntarily comes forward and declares that he is satisfied, and desires the prosecution to be dropped, the public justice gains nothing by a further prosecution, and the law permits the District Attorney to enter the *nolle prosequi*. On the other hand, the production of a written compromise of an assault and battery by the bully, and the terror of a neighborhood, might be an aggravation of the public injury and a just cause for a more rigorous prosecution in order that there might be an adequate vindication of the laws.

We have no doubt that the statute in accordance with its very terms is permissive only, and we have no hesitation in affirming the judgment of the lower court.

Judgment affirmed.